IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | ) ) ) | Civ. No. 05-00560 ACK/LEK |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| D.K., on behalf of her minor child, N.K., | ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER DENYING PLAINTIFF'S APPEAL OF THE HEARINGS OFFICER'S ADMINISTRATIVE DECISION

### BACKGROUND

**I.    Procedural Background**

This action stems from a claim made in an administrative proceeding pursuant to the Individuals with Disabilities in Education Act (the "IDEA"), 20 U.S.C. § 1400, et seq.[1]  The IDEA was enacted by Congress to, among other things, "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique

---

[1] The IDEA was amended effective July 1, 2005, after the family made its request for the impartial hearing.  Therefore, the Court will refer to the prior version of the IDEA herein, unless otherwise noted.  See Lawrence Township Board of Education v. New Jersey, 417 F.3d 368, 370 (3d Cir. 2005) (amendments to the IDEA have prospective application only).

1

needs . . . [and] to ensure that the rights of children with disabilities and parents of such children are protected." 20 U.S.C. § 1400(d)(1)(A) and (B) (1999).  The IDEA provides federal money to state and local education agencies to assist them in educating disabled children, on the condition that the state and local agencies implement the substantive and procedural requirements of the IDEA.  See Robb v. Bethel School District #403, 308 F.3d 1047, 1049 (9th Cir. 2002).  The IDEA provides procedural safeguards to permit parental involvement in all matters concerning the child's educational program, including an opportunity for an impartial due process hearing with respect to complaints, and allows parents to obtain administrative and judicial review of decisions they deem unsatisfactory or inappropriate.  Id.

On June 3, 2005, Ho'oipo DeCambra ("Parent Advocate") filed a Request for Impartial Hearing by and through D.K. ("Mother"), on behalf of a minor child, N.K. ("Student") (collectively "Defendants" or the "family") with the Hawaii Department of Education (hereafter "Plaintiff" or the "DOE") pursuant to the IDEA.  As a result, administrative hearing proceedings were conducted by a Hearings Officer in the Office of Administrative Hearings of the Department of Commerce and Consumer Affairs of the State of Hawaii on July 11, 2005 and July 15, 2005.  The administrative proceedings culminated in the

Hearings Officer's issuance of Findings of Fact, Conclusions of Law and Decision on July 29, 2005 (the "Administrative Decision").

On August 22, 2005, the DOE filed a Complaint in this Court, seeking reversal of the Administrative Decision. Defendants filed an Answer on September 19, 2005.  The Administrative Record was filed with the Court on February 7, 2006.  The DOE filed an Opening Brief on March 31, 2006.  Then, Defendants filed a Responsive Brief on May 2, 2006.  Finally, the DOE filed a Reply Brief on May 15, 2006.  The Court heard oral arguments on the appeal on June 5, 2006.

**II.  The Administrative Decision**

The Hearings Officer made detailed findings of fact in the Administrative Decision.  As set forth in the Administrative Decision, the Hearings Officer found and concluded that the family proved by a preponderance of the evidence that they were not provided with the December 14, 2004 individualized education plan ("IEP") and the December 17, 2004 Prior Written Notice until the June 1, 2005 IEP meeting.  (Administrative Decision at 12). The Hearings Officer concluded that the Department of Education's failure to provide these documents constituted a "serious infringement of [Mother's] rights to participate in the IEP process."  Id.

The Hearings Officer concluded that had the family

received the December 14, 2004 IEP, they would have learned that Student's special education was reduced from 1440 minutes per week to 600 minutes per week.  Id.  The Hearings Officer also found that there was "insufficient evidence to support the underlying need for such a substantial reduction in the special education services to Student, particularly in light of [Mother's] desire to have Student obtain his high school diploma."  Id.

As a result of the detailed findings of fact made by the Hearings Officer, he concluded that the family was not able to "fully and meaningfully participate in the December 14, 2004, May 4, 2005, and June 1, 2005 IEP meetings, resulting in a denial of a free appropriate public education ("FAPE")."  Id. at 13.  The Hearings Officer then ordered the Department of Education to reconvene the IEP Team for the purposes of developing an appropriate IEP for Student.  Id.  Finally, the Hearings Officer held that the family was the prevailing party in the present case.  Id.

**STANDARD**

In evaluating an appeal of an administrative decision under the IDEA, the district court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as

the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C).[2]

This statutory requirement "that a reviewing court base its decision on the 'preponderance of the evidence' is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." See Board of Educ. of the Hendrick Hudson Cent. Sch. Dist., Westchester County v. Rowley, 458 U.S. 176, 206 (1982). Rather, "due weight" must be given to the findings in the administrative proceedings. Id.

The amount of deference given to an administrative hearing officer's findings is a matter of discretion for the court. See Capistrano Unified Sch. Dist. v. Wartenberg, 59 F.3d 884, 891 (9th Cir. 1995) (quoting Gregory K. v. Longview Sch. Dist., 811 F.2d 1307, 1311 (9th Cir. 1987)). The court must consider the findings carefully and endeavor to respond to the hearing officer's resolution of each material issue, but the court is free to accept or reject the findings in part or in whole. See Capistrano, 59 F.3d at 891. When exercising its discretion to determine what weight to give the hearing officer's

---

[2] An amendment to the IDEA, effective July 1, 2005, affected the subsection number at which this provision appears in the statute, but did not affect the text of the provision. Compare 20 U.S.C. § 1415(i)(2)(B) (in effect prior to July 1, 2005) with 20 U.S.C. § 1415(i)(2)(C) (effective July 1, 2005). Thus, the Court's analysis on this issue is identical under either version of the statute.

findings, the court may examine the thoroughness of those findings and accord greater deference when the findings are "thorough and careful." Id.; Union Sch. Dist. v. Smith, 15 F.3d 1519, 1524 (9th Cir. 1994).

A court's inquiry in reviewing administrative decisions under the IDEA is twofold. "First, has the State complied with the procedures set forth in the Act? And second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits? If these requirements are met, the State has complied with the obligations imposed by Congress and the courts can require no more." Rowley, 458 U.S. at 206-207 (internal footnotes omitted); see also Smith, 15 F.3d at 1524.

## DISCUSSION

"Procedural flaws do not automatically require a finding of a denial of a FAPE. However, procedural inadequacies that result in the loss of educational opportunity or seriously infringe the parents' opportunity to participate in the IEP formulation process clearly result in the denial of a FAPE." W.G. v. Bd. of Trustees of Target Range School Dist. No. 23, Missoula, Mont., 960 F.2d 1479, 1484 (9th Cir. 1992) (internal citations omitted). The Hearings Officer concluded that Plaintiff's failure to provide Mother with a copy of the December 14, 2004 IEP prior to June 1, 2005 constituted a serious

infringement of Mother's rights to participate in the IEP process.  (Administrative Decision at 12).  He also found insufficient evidence to support such a drastic reduction in Student's special education services.  <u>Id.</u>  As a result, he concluded that Student was denied a FAPE.  <u>Id.</u> at 13.

Plaintiff appeals these findings on three grounds.  It asserts that the Office of Administrative Hearings committed reversible error when it (1) considered Student's December 14, 2004 IEP and its impact on Student's educational program; (2) based its decision on matters that Defendants did not raise in their Request for Impartial Hearing; and (3) concluded that Mother never received a copy of the December 14, 2004 IEP.  The Court considers Plaintiff's first and second arguments in support of its appeal together, and then addresses Plaintiff's final argument separately.

**I.   Consideration of Issues Before the Hearings Officer**

**A.   Legal Background**

The law requires petitioners requesting a hearing to provide notice to the state education agency specifically describing "the nature of the problem of the child relating to such proposed initiation or change, including facts relating to such a problem."  20 U.S.C. § 1415(b)(7)(ii); <u>see</u> <u>also</u> 34 C.F.R. § 330.507(c)(4); Hawaii Administrative Rules § 8-56-73(b)(1)(D).  Defendants' June 3, 2005 Request for Impartial Hearing described

their concern as follows: "[t]he Individualized Education [Plan] dated June 1, 2005 is inadequate and deficient." (Administrative Record, Vol. 1 at 7). As a result, Defendants requested that the DOE "provide a well-developed Individualized Education [Plan] (IEP) for [Student]." Id.

"When administrative rulings go beyond the issues and evidence presented by the parties, opportunities for erroneous administrative decisions abound." Slack v. State of Delaware Department of Public Instruction, 826 F. Supp. 115, 123 (D. Del. 1993).

> The procedural safeguards established by the IDEA were expressly intended to benefit the parents or guardians of the student, . . . , [and] while there is no indication that such safeguards were intended to protect the rights of departments . . ., neither is there any principled reason upon the basis of which the [State] should be excluded.

County of San Diego v. California Special Education Hearing Office, 93 F.3d 1458, 1465 (9th Cir. 1996). In County of San Diego, the Ninth Circuit Court of Appeals considered whether an administrative hearings officer erred in refusing to consider the respondent's challenge to a student's disabled status, when the petitioner family did not raise that issue in its complaint. Id. at 1464-65. The family's original complaint only challenged whether the County of San Diego was required to provide a residential placement for the student. Id. at 1464. At the mediation, the County attempted to raise whether the student was

8

properly identified as "seriously emotionally disturbed," but was denied.  Id.  The Ninth Circuit concluded that the hearings officer properly denied the County's efforts to raise a new issue outside the complaint.  "The scope of the administrative hearing mandated by section 1415(b)(2)[3] is limited to the 'complaint' raised to obtain the hearing."  Id. at 1465.  Cf. Winkelman v. Parma City School District, 411 F. Supp. 2d 722, 728 (N.D. Ohio 2005) (holding that district courts should not address issues beyond those presented in the administrative process due to the concern that respondents would have no opportunity to defend themselves); Metropolitan Bd. of Public Education v. Guest, 193 F.3d 457, 463 (6th Cir. 1999) (concluding district courts have no authority to review IEPs when the petitioner does not seek review of the IEPs in the administrative hearing); see also Slack, 826 F. Supp. at 123.

In Board of Education of the Green Local School District v. Redovian, the court held that a hearings officer erred in ruling that the school district's past IEPs for the student were inadequate, because the parents had never raised those issues in their request for the hearing.  18 IDELR 1092,

---

[3] County of San Diego, 93 F.3d 1458, was decided in 1996, but the IDEA was subsequently amended on April 29, 1999.  The provision referred to by the court as "section 1415(b)(2)" is substantially similar to 20 U.S.C. § 1415(f)(1) (1999) that was in effect at the time the present case was filed.  Therefore, the 1999 amendment does not in any way alter the court's holding.

9

1098 (E.D. Ohio 1992).  The parents had originally requested an extended school year program, a written behavior management plan, and additional speech therapy.  Id. at 1093.  The hearing officer concluded that the parents did not present sufficient evidence to justify these requests, and denied their requests.  Id. at 1094.  However, instead of limiting his decision to the substantive requests, the hearings officer "injected the issue of the sufficiency of the past IEPs after hearing testimony regarding the prior plans."  Id. at 1098.  The court concluded that this was "clearly inappropriate," as the school district had no notice that the prior IEPs were at issue, nor did it have the chance to defend itself.  Id.

      Furthermore, Congress recently codified the conclusion many courts had reached independently regarding the breadth of issues to be considered in an administrative hearing for IDEA violations.  "The party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that were not raised in the notice filed under subsection (b)(7) of this section, unless the other party agrees otherwise."  20 U.S.C. § 1415(f)(3)(B)(2005).  The provision was included in the July 2005 IDEA amendments and does not apply retroactively to the Court's review of the case at hand, but it does provide additional insight as to the scope of a hearings officer's review.

In accord with the rationale presented above, the Court concludes that the parties are precluded from raising new issues at an administrative hearing that were not previously raised. All parties should have fair notice of the contested issues and the right to defend themselves at the hearing. In addition, a hearings officer should limit the issues he considers in reaching his determination to those that were raised prior to the hearing.

**B.   Administrative Decision is Sufficiently Supported by Issues Properly Before the Hearings Officer**

As stated above, Defendants' initial request for a hearing only expressed concerns regarding the June 1, 2005 IEP. However, the Court will not limit the issues in the case to Defendants' original complaint as Defendants took steps to raise additional issues prior to the hearing.  Plaintiff concedes that Defendants raised more specific concerns at the June 20, 2005 pre-hearing conference, namely (1) the reduction of special education services from 1440 minutes per week to 600 minutes per week; (2) the reduction of counseling services from 480 minutes a quarter to 180 minutes a quarter; (3) inadequate Present Levels of Education Performance ("PLEP") reports; and (4) insufficient notice to Mother.  (Opening Brief at 17).  At the pre-hearing conference, the family was ordered to submit a "Notice of Remedies Sought" in order to comply with IDEA notice requirements.  20 U.S.C. § 1415(b)(7).

Defendants took the opportunity to set forth alleged

11

deficiencies in the June 1, 2005 IEP and detail the remedies that they sought in their Notice of Remedies Sought by Petitioner. (Administrative Record, Vol. 1 at 17-23). As Plaintiff states, Defendants still did not refer to the December 14, 2004 IEP in this notice document. However, the family restated its objections to (1) the substantial decreases in counseling hours and special education hours; (2) the failure to notify and consult with the family regarding these reductions; and (3) the failure to comply with procedural safeguards for the June 1, 2005 IEP meeting. (Administrative Record, Vol. 1 at 18 ¶ 2, 20 ¶ 6). Defendants specifically stated they did not receive a copy of the proposed IEP document prior to the June 1, 2005 meeting, and were told that no changes had been made to the previous IEP. (Administrative Record, Vol. 1 at 18 ¶ 2).

Thus, Plaintiff was put on notice regarding the substantive nature of Defendants' objections, specifically that Student's services were being significantly reduced. Plaintiff also knew that its notification practices in June 2005 were being challenged. However, Plaintiff had no notice that its notification practices in December 2004 were at issue. According to Defendants, they did not initially challenge the December 14, 2004 IEP process, because they had not previously seen the IEP and did not know it drastically reduced Student's services. (Responsive Brief at 5). Up until that point, Mother believed

12

that the reduction occurred in June 2005.  Id.

      The administrative hearing took place on July 11, 2005 and July 15, 2005.  The DOE asserts that the December 14, 2004 IEP was not at issue until Defendants' counsel raised the earlier IEP in his closing argument.  (Administrative Hearing Transcript 219:10).  It is apparent from the transcript that counsel for both the Plaintiff and Defendants addressed the relevance of the December 14, 2004 IEP meeting and subsequent notification in their closing arguments.  (Administrative Hearing Transcript 225:12-226:25; 239:8-240:24).

      However, there are earlier indications throughout the transcript that the December 14, 2004 IEP meeting and notice were at issue.  Gera Anderson-Diaz, the Care Coordinator, testified extensively on cross-examination about the IEP notice practices of the DOE, her attempts to mail the December 14, 2004 IEP to the family, and the December 2004 changes to the IEP.  (Administrative Hearing Transcript 98:17-100:18).  Plaintiff had an opportunity on redirect to ask Anderson-Diaz about the December 14, 2004 IEP, but chose not to do so.  Even more pointedly, Plaintiff's counsel opened his cross-examination of Mother focusing of the December 14, 2004 IEP meeting.  (Administrative Hearing Transcript 202:9-205:2).  As Plaintiff notes, Mother and Parent Advocate both testified about their recollections from the December 14, 2004 IEP meeting in their

direct examinations.  (Administrative Hearing Transcript 170:14-171:2; 210:20-211:16).  While the introduction of procedural errors surrounding the December 14, 2004 IEP may not have been properly considered at the hearing, the witness examinations and closing arguments make it clear that Plaintiff had the opportunity to defend itself regarding those issues.

Moreover, the record and Administrative Decision reflect that the Hearings Officer did not base his decision solely on the procedural errors that prevented Defendants from participating fully in the December 14, 2004 IEP meetings.  The Hearings Officer also concluded that Defendants were denied the opportunity to meaningfully participate in the June 1, 2005 IEP meeting, because they were denied the appropriate information in a timely manner.  (Administrative Decision at 13).  As Defendants' counsel argued in his closing argument and as was stated in the Notice of Remedies Sought, even if the DOE believed that it had previously provided the family with a copy of the December 14, 2004 IEP, that did not justify failing to provide Mother with the proposed June 1, 2005 IEP in advance of the June 1, 2005 meeting simply because the IEP had no changes.  Mother had specifically requested a copy of the IEP prior to the meeting and was denied.

Furthermore, the Hearings Officer stated that his decision was based on a substantive conclusion completely apart

from the procedural deficiencies related to the IEP meetings. "[T]here is insufficient evidence to support the underlying need for such a substantial reduction in the special education services to Student, particularly in light of Parent's desire to have Student obtain his high school diploma." (Administrative Decision 12-13). This conclusion is based on the substantive issue of reduction of services, which Plaintiff clearly received notice of at the pre-trial conference and through the Notice of Remedies Sought.

It may have been improper to consider whether Defendants were prevented from meaningfully participating in the December 14, 2004 or May 4, 2005 IEP processes, or to base the decision on those issues. However, there is no reason that the Hearings Officer was precluded from finding that Defendants were prevented from meaningfully participating in the June 1, 2005 IEP meeting or that there was insufficient evidence to support the reduction of services. Accordingly, the Court concludes that Defendants presented sufficient evidence to support the Hearings Officer's Administrative Decision.[4]

---

[4] Defendants also argue that the Administrative Decision conforms to the evidence presented at the hearing. Federal Rule of Civil Procedure 15(b) states in pertinent part: "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." While the Court does not have to reach the merits of this argument to support the denial of Plaintiff's appeal, the Court notes that Plaintiff
**(cont.)**

## II. **Hearings Officer's Findings of Fact**

Plaintiff also appeals the determination of the Hearings Officer by asserting that he made an incorrect finding of fact regarding whether Mother received the December 14, 2004 IEP and December 17, 2004 Prior Written Notice. The Hearings Officer concluded that Defendants "proved by the preponderance of the evidence that the specific IEP upon which the June 1, 2005 IEP was based, the December 14, 2004 IEP, was not received by [Defendants] prior to the date that it was distributed on June 1, 2005." (Administrative Hearings Transcript 242:7-11). Copies of the letter were mailed to Mother through the regular mail and certified mail, but the certified mail was returned to the sender. (Administrative Decision at 8). The Hearings Officer also noted that the Care Coordinator's mailing practices were "very sound and appropriate." (Administrative Decision at 12 n. 2).

However, while commending the Care Coordinator's efforts, the Hearings Officer held that the critical inquiry was whether Mother actually received the documents, not whether the school made a reasonable effort to deliver the letters. Id. Given the importance of parents actually receiving the documents and having concluded that Mother "testified credibly" that she

---

fully participated in the hearing and made no objections to presentation of evidence relating to the December 14, 2004 IEP.

16

had never received the letters, the Hearings Officer found that Mother had not received the December IEP documents.  Id. at 8, 12.

Now, Plaintiff offers additional evidence to support its claim that Defendants did receive the December 14, 2004 IEP.[5] First, Plaintiff alleges that the certified letter was sent to the same address where previous letters were collected by Defendants.  Second, Plaintiff states that the December IEP packet was sent to Defendants' home with Student's tutor, Sahar Abdullah-Wasi.  Finally, Plaintiff claims that from December 14, 2004 through June 1, 2005, Defendants never indicated that they did not receive the December IEP documents.

While Plaintiff's additional evidence further supports its contention that it made sound and appropriate efforts to deliver the December 2004 IEP documents to Defendants, there is still no evidence to show that Defendants actually received the documents.  Mother testified that she did not receive the December 14, 2004 IEP prior to the June 1, 2005 IEP hearing.

---

[5] Plaintiff also cites Hawaii Rule of Civil Procedure 5(b)(3) which states in pertinent part: "service by mail is complete upon mailing."  The Hawaii Rules of Civil Procedure "govern the procedure in the circuit courts of the State in all suits of a civil nature whether cognizable as cases at law or in equity. . . ."  Hawaii Rules of Civil Procedure 1.  Plaintiff cites the rule to suggest by analogy that it satisfied its notice burden, but Plaintiff acknowledged at the hearing there is no legal basis to suggest that the service requirements outlined in the Hawaii Rules of Civil Procedure are applicable to the IDEA notice requirements.

17

(Administrative Hearings Transcript 197:24-198:1). The Hearings Officer concluded that Mother's testimony was credible, and the Court finds no basis to reach a contradictory conclusion, especially considering the fact that the Hearings Officer had the benefit of being present during Mother's testimony. Accordingly, the Court concludes that the Hearings Officer did not err in finding that Defendants did not receive the December 14, 2004 IEP, and DENIES Plaintiff's appeal on this basis as well.

## **CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's appeal of the Hearings Officer's Administrative Decision. The Court's ruling affirms that Plaintiff should reconvene Student's IEP Team as soon as possible to develop an appropriate IEP for Student and that Defendants are the prevailing party in this case. The Court finds that the Hearings Officer may have considered issues that were improperly raised at the Administrative Hearing, but there are valid and sufficient grounds to support the decision. In addition, the Court finds no basis to overturn the Hearings Officer's finding of fact that the family did not receive the December 14, 2004 IEP documents prior to the June 1, 2005 IEP meeting.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 6, 2006.



_____
Alan C. Kay
Sr. United States District Judge

DEPARTMENT OF EDUCATION, STATE OF HAWAII V. D.K., ON BEHALF OF HER MINOR CHILD, N.K., CIV. NO. 05-00560 ACK/LEK, ORDER DENYING THE APPEAL OF THE HEARINGS OFFICER'S ADMINISTRATIVE DECISION.